IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANICE HOLCOMB, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. A-08-CA-681-JRN |
| | § | |
| RANDALL BERRYHILL, RHONDA | § | |
| HOMEYER, ALBERT SUROVIK, JR., | § | |
| STEVEN NOACK, JULIE EUBANKS, | § | |
| JUNICE BALDWIN, GINGER BRALY, | § | |
| MARCY JONES, MARC GROCE, and | § | |
| CALDWELL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendants. | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action are Defendants' Motion to Dismiss (Doc. #7), filed January 20, 2009; Plaintiff's Response to Defendant's Motion to Dismiss (Doc. #11), filed February 6, 2009; and Defendants' Reply to Plaintiff's Response (Doc. #16), filed February 16, 2009. The Court concludes that Defendants' Motion to Dismiss should be granted in part and denied in part.

### I. STANDARD OF REVIEW

Defendants have filed the present Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments, whereas under Rule 12(b)(1), the Court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.*

The same standard of review applies to motions to dismiss under Rule 12(b)(1) and motions

to dismiss under Rule 12(b)(6). *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 351 (5th Cir. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). Under the Fifth Circuit's strict standard of review, motions to dismiss for failure to state a claim are viewed with disfavor, and a court will only rarely encounter circumstances that justify granting such a motion. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). The Court will accept the well-pleaded allegations in the compliant as true, construe those allegations in the light most favorable to the plaintiff, and draw all inferences in his favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Truman v. U.S.*, 26 F.3d 592, 594 (5th Cir. 1994). Therefore, a claim will not be dismissed on a Rule 12(b)(6) or a Rules 12(b)(1) motion unless it appears to a certainty (1) that no relief can be granted under any set of facts provable in support of its allegations, or (2) that the allegations, accepted as true, do not present a claim upon which relief legally can be obtained. *Adolph v. Fed. Emergency Mgmt. Agency*, 854 F.2d 732, 735 (5th Cir. 1988).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Janice Holcomb (hereinafter "Plaintiff") formerly worked as the payroll clerk for Defendant Caldwell Independent School District (hereinafter "Caldwell ISD"). Defendant Randall Berryhill (Hereinafter "Defendant Berryhill"), Superintendent of Caldwell ISD, instructed Plaintiff to report his $3,600.00 travel allowance to the Texas Teacher Retirement System ("TRS") as part of his salary. Plaintiff became concerned that by adding the travel allowance, Defendant Berryhill would be improperly inflating his salary for purposes of calculating his retirement benefits. For this reason, Plaintiff informed Defendant Rhonda Homeyer (hereinafter "Defendant Homeyer"), Director of Business Services for Caldwell ISD and Plaintiff's direct supervisor, of Defendant Berryhill's request. Plaintiff also informed Defendant Homeyer that she did not believe the TRS rules permitted

travel allowances to be counted towards salary for retirement purposes. Defendant Homeyer never responded to Plaintiff's concern so Plaintiff restated her concern on three separate occasions. On the final occasion, Plaintiff provided Defendant Homeyer with documentation confirming that travel allowances should not be counted towards salary. Nevertheless, Defendant Homeyer failed to take any action to address Plaintiff's concern.

Thereafter, Plaintiff was randomly selected to be interviewed by an auditor. During the audit, Plaintiff informed the auditor of her concerns regarding Defendant Berryhill's travel allowance. The auditor subsequently informed the Caldwell ISD Trustees that the school district was improperly reporting Defendant Berryhill's travel allowance to TRS as part of his income. Following the auditor's report, Defendants Berryhill and Homeyer "initiated a campaign of retaliation, maliciously seeking to find fault with Plaintiff and falsely accusing her of insubordination." *See*, Plaintiff's First Amended Complaint (Doc. #17-2) at 3. Thereafter, Plaintiff filed an internal grievance against Defendants Berryhill and Homeyer. Defendant Berryhill referred the grievance to Defendant Homeyer for investigation, and Defendant Homeyer "exonerated herself and Mr. Berryhill." *Id.*

In a December 13, 2007 letter to the Caldwell ISD Trustees, Plaintiff's counsel asked the Trustees to refer Defendants Berryhill and Homeyer to the district attorney for investigation. Plaintiff's counsel further asked the Trustees to prevent Defendants Berryhill and Homeyer from retaliating against Plaintiff. The Trustees did not refer Defendants Berryhill and Homeyer to the district attorney, and the Trustees "did not take any steps to prevent further retaliation against Ms. Holcomb." *Id.* at 4.

Two months later in a February 5, 2008 letter to the Caldwell ISD Trustees, Plaintiff's counsel informed the Trustees that Defendants Berryhill and Homeyer continued to retaliate against Plaintiff by creating a hostile work environment, by refusing to process a professional certification

that was related to a pay increase and by withholding information that was necessary to the performance of Plaintiff's job. Plaintiff further informed the Trustees that she would consider herself constructively terminated on Tuesday, February 12, 2008 if the Trustees did not intervene to prevent further retaliation. The Trustees failed to intervene, and Plaintiff was consequently forced to accept employment elsewhere. Additionally, Plaintiff complains that following her departure from Caldwell ISD, Defendants Berryhill and Homeyer circulated false rumors that Plaintiff's work performance had been unsatisfactory.

In September 2008, Plaintiff filed the present lawsuit against Caldwell ISD, Randall Berryhill, Rhonda Homeyer, five current members of the Caldwell ISD Board of Trustees and two former members of the Caldwell ISD Board of Trustees. Plaintiff has clarified that she seeks to sue each Defendant, other than Caldwell ISD, in their individual capacities.[1] Plaintiff has asserted claims pursuant to: (1) 42 U.S.C. §1983 for violations of her rights under the First Amendment to the United States Constitution; (2) 42 U.S.C. §1985 for violations of her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and (3) Texas common law for slander.[2] For the proceeding reasons, Plaintiff's claims under §1983 and §1985 must be dismissed for failure to state a claim upon which relief can be granted.

---

[1] As a grounds for dismissal, Defendants claim that "this suit as to the individual defendants in their official capacities is redundant of the suit against the Caldwell ISD, the individual defendants in their official capacities should be dismissed." *See*, Defendants' Motion at 4. The Court need not address this issue because Plaintiff has clarified that she has not sought to sue the individual defendants in their official capacities. *See*, Plaintiff's Response at 2.

[2] Additionally, Plaintiff recently amended her Complaint to add a claim under 18 U.S.C. §1962 (RICO) for wire fraud and mail fraud. However, Plaintiff's current Motion was filed before Plaintiff amended her Complaint, and therefore, Defendants' Motion does not address Plaintiff's supplemental RICO claim. Defendants will be permitted to file a subsequent Motion to Dismiss regarding Plaintiff's RICO claim if Defendants determine that such a motion is warranted.

### III. DISCUSSION

#### A. COUNT ONE: 42 U.S.C. §1983

There are two essential elements to a section 1983 action: (1) the conduct in question must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of a right secured by the Constitution or the laws of the United States. *Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993), *cert. denied*, 510 U.S. 820 (1993). In the present case, Plaintiff claims that Defendants retaliated against Plaintiff for the exercise of her rights to petition for redress of grievances and to speak out regarding a matter of public concern in violation of the First Amendment to the United States Constitution.

Defendants' first ground for dismissal of Plaintiff's claim under Rule 12(b)(6) is that the individual defendants are entitled to qualified immunity. *See*, Defendants' Motion to Dismiss (Doc. #7) at 4. In support of this argument, Defendants maintain that "Plaintiff cannot make even a prima facie showing of a clearly established constitutional or statutory right . . ." *Id.* at 6. Once a government official acting with discretionary authority raises qualified immunity as a defense against a §1983 claim, the burden shifts to the plaintiff to rebut the qualified immunity defense. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). To rebut the qualified immunity defense, the plaintiff must show: (1) that she has alleged a violation of a clearly established constitutional right; and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998). If the plaintiff fails to state a constitutional claim or if the defendants' conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity. *Easter v. Powell*, 467 F.3d 459, 452 (5th Cir. 2006).

The Fifth Circuit has explained that it is "clearly established that the First Amendment generally prohibits a public employer from retaliating against an employee because she exercised her right to engage in protected speech." *Blackwell v. Laque*, 275 Fed. Appx. 363, 370 (5th Cir. 2008)(citing, *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 825 (5th Cir. 2007)). However, in order to establish a §1983 claim for First Amendment retaliation, Plaintiff must show: (1) she suffered an adverse employment action; (2) the speech at issue involved a matter of public concern; (3) her interest in the speech outweighs the government's interest in efficiency; and (4) the speech precipitated the adverse employment action. *Blackwell*, 275 Fed. Appx. at 368-69; *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004)(citing, *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004)). In the present case, Plaintiff's claim of First Amendment retaliation must fail because Plaintiff has failed to properly allege the first required element, *i.e.* an adverse employment action.

"Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote and reprimands." *Pierce v. Tex. Dept. Of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994). Notably, the Fifth Circuit "has declined to expand the list of actionable actions, noting that some things are not actionable even though they have the effect of chilling the exercise of free speech." *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000)(citing, *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998)).

In the present case, Plaintiff's Response clarifies that the adverse employment actions alleged in her Complaint are: (1) Defendant Berryhill and Defendant Homeyer's refusal to process a professional certification necessary for a pay increase; and (2) Defendant Berryhill's and Defendant Homeyer's publication of false accusations of insubordination. *See*, Plaintiff's Response (Doc. #11) at 3. Accepting as true Plaintiff's allegations that Defendants denied Plaintiff a professional certification required for a pay raise and spread false accusations of insubordination in retaliation for

Plaintiff's exercise of protected free speech, Plaintiff nevertheless fails to allege an actionable violation of the First Amendment. Plaintiff points to no case law nor does the Court find any which holds that Defendant's alleged conduct constitutes a violation of Plaintiff's First Amendment rights actionable under §1983.[3] To the contrary, Fifth Circuit case law establishes that Defendants' alleged conduct does not constitute an actionable adverse employment action which rises to the level of a constitutional deprivation necessary to state a cognizable claim under §1983.

With specific regard to Plaintiff's claim that Defendants' "refusal to process a professional certification for the Plaintiff, thereby denying her a pay increase" is an adverse employment action, one Fifth Circuit case cited by Plaintiff actually instructs that:

> Many actions which merely have a chilling effect upon protected speech are not actionable. Actions such as 'decisions concerning teaching assignments, *pay increases, administrative matters, and departmental procedures*,' while extremely important to the person who has dedicated his or her life to teaching do not rise to the level of a constitutional deprivation . . . A federal court is simply not the appropriate forum in which to seek redress for such harms. *Harrington v. Harris*, 118 F.3d 359, 365 and n. 6 (5th Cir. 1997(emphasis added)(citing, *Dorsett v. Bd. of Trustees for State Colleges & Univ.*, 940 F.2d 121, 123-24 (5th Cir. 1991)).

Accordingly, Defendants' refusal to process Plaintiff's professional certification thereby denying Plaintiff's pay increase is not tantamount to an adverse employment action.

Similarly, the Fifth Circuit Court of Appeals has explicitly rejected Plaintiff's claim that Defendants' "false accusations of insubordination" constitute an adverse employment action. The Fifth Circuit recognizes that a false accusation is a harm that "may chill speech", but has explicitly held that "Mere [false] accusations, without more, are not adverse employment actions." *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998); *Colson v. Grohman*, 174 F.3d

---

[3] The Court notes that Local Rule CV-7(d) mandates that a party's response to a motion "*shall* contain a concise statement of the reasons and opposition to the motion *and citations of the specific legal authorities upon which the party relies.*". *See*, Local Rule CV-7(d)(emphasis added).

498, 513 (5th Cir. 1999)(emphasis added)("Retaliatory criticisms, investigations, and *false accusations* that do not lead to some more tangible adverse action are not actionable under §1983.").[4] For these reasons, Plaintiff's allegations, accepted as true, do not present a claim upon which relief legally can be obtained.

A "plaintiff must cross a certain threshold of harm before she can bring a claim for First Amendment retaliation". *Colson*, 174 F.3d at 513, n. 8. As explained above, Plaintiff has not crossed that necessary threshold in the present case. Therefore, having failed to establish a First Amendment violation, Plaintiff has failed to allege an actionable §1983 claim under the Fifth Circuit's First Amendment retaliation jurisprudence, and Plaintiff has also failed to rebut Defendants' claims of qualified immunity.[5] Accordingly, Plaintiff's §1983 claim for retaliation must be dismissed.

---

[4] *See also*, Linzy v. Cedar Hill Indep. School Dist., at *1 (5th Cir. May 9, 2002)("The Fifth Circuit has previously held that in the normal case, criticisms, accusations and investigations are not punitive, and do not rise to the level of actionable [First Amendment] retaliation [for purposes of a §1983 claim]."); *Breaux v. City of Garland*, 205 F.3d 150, 157-58 (5th Cir. 2000)("Given the narrow view of what constitutes an adverse employment action, this court has held that the following are *not* adverse employment actions: (1) mere accusations or criticism . . . (4) false accusations . . ."); *Crocker v. City of Kingsville*, 2006 WL 2092441, at *4 n. 1 (S.D. Tex. July 26, 2006)("To the extent Plaintiff bases his retaliation claim . . . on the fact that he was the victim of criticism, investigations, false accusations or other similar conduct by the Defendants, he has failed to state a cognizable [First Amendment retaliation] claim"."); *Matherne v. Larpenter*, 54 F.Supp.2d 684, 688 (E.D. La. 1999)("Mere false accusations in retaliation for protected free speech do not give rise to a constitutional deprivation for purposes of the First Amendment.").

[5] The Court notes that in the "Factual Allegations" section of Plaintiff's Complaint, Plaintiff recounts that Plaintiff's counsel informed Caldwell ISD's trustees:

> . . . that [Plaintiff] would consider herself constructively terminated on Tuesday, February 12, 2008 if the trustees did not intervene to prevent further retaliation and misconduct by Mr. Berryhill and Ms. Homeyer. The trustees did not intervene, and Ms. Holcomb reluctantly accepted employment elsewhere. *See*, Pl.'s First Amended Compl. at page 4, ¶17-18.

These factual allegations imply that Plaintiff was constructively discharged from her employment at Caldwell ISD. However, importantly, Plaintiff does not claim in either her Complaint or her

Additionally, Plaintiff's second §1983 claim asserts that Defendants Surovik, Jones, Groce, Eubanks, Baldwin, Braly, Noack, Berryhill (*i.e.* the Caldwell ISD Board of Trustees) and Caldwell ISD failed to supervise one or more persons who violated the Plaintiff's First Amendment rights and failed to provide proper training to prevent such violations.[6] "Under §1983, [a plaintiff] may sue a local governing body, such as the school district, or the school board as policymaker for the district . . . . if the challenged action implements or executes a policy officially adopted by that body's officers." *Beattie v. Madison County School Dist.*, 254 F.3d 595, 600 n. 2 (5th Cir. 2001); accord,

---

Response to Defendants' Motion to Dismiss that her alleged constructive discharge constitutes an adverse employment action.

    Regardless, Plaintiff's factual allegations are not sufficient to constitute a claim for constructive discharge as a constitutional violation. To show constructive discharge, an employee must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign. *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994). The test for whether an employer has created conditions that amount to a constructive discharge is objective, and the Court must consider several factors singly or in combination, including whether the employee faced: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement that would make the employee worse off whether the offer was accepted or not. *Id.*

    In the present case, Plaintiff has not alleged any facts that could establish any of the seven factors listed above. With regard to any other alleged incident that is not included on or relevant to the list above, a plaintiff must show a greater severity of pervasiveness of harassment than the minimum required to prove a hostile working environment. *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998). Plaintiff has not alleged any facts that come close to approximating the type of conduct necessary to establish such a claim. Furthermore, the Fifth Circuit explained that "The Supreme Court in *Rutan* held that the scope of harm actionable under the First Amendment was broader than actual or constructive discharge from employment." *Pierce*, 37 F.3d at 1149. As outlined above, Plaintiff has not even satisfied this broader burden under the First Amendment.

[6] As a ground for dismissal, Defendant argues that a municipality cannot be held liable under §1983 on a *respondeat superior* theory. *See,* Defs. Mot. at 9.The Court need not address this issue because Plaintiff has clarified that she has not asserted a respondeat superior theory of supervisory responsibility against the District. *See,* Pl.'s Resp. at 6.

*Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000). Accordingly, in their Motion to Dismiss, Defendants assert that Plaintiff's claim must fail because "Plaintiff has made no allegation that a custom, policy, practice or procedure was the driving force behind the harm she alleges. This is fatal to her claim." *See*, Def. Mot. at 8. In response, Plaintiff contends that:

> A single action by a municipal official possessing final policymaking authority regarding the action in question constitutes the official policy of the municipality . . . the Fifth Circuit has held that the board of trustees of an independent school district is the final policymaker for purposes of §1983. Insofar as the board of trustees approved the actions of Defendants Berryhill and Homeyer, the District is liable for their misconduct. *See*, Pl. Resp. at 5.

Plaintiff is correct that the Fifth Circuit has held that the board of trustees of an independent school district is a final policymaker for purposes of §1983. *See, Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 225 (5th Cir. 1999)("On at least two separate occasions, we have held that the board of trustees of an independent school district in Texas is a policymaker for purposes of §1983.").[7] However, as explained in detail above, even if the claimed incident(s) could be attributed to the Board of Trustees' policies, practices or procedures, Plaintiff has failed to allege a cognizable constitutional violation as required in order to assert a viable claim under §1983. Accordingly, Plaintiff's §1983 claim for failure to supervise and train must be dismissed. *See, Gillespie v. Wright*, 1995 WL 581826, at *2 n. 3 (5th Cir. Sept. 5, 1995)("Because we conclude that the [plaintiff] failed to allege a cognizable constitutional violation [under §1983], we need not address their allegations that the school district is liable under §1983 for failing to properly train and supervise . . ."); *See also, Brummett v. Camble*, 1994 WL 499755, at *3 (5th Cir. Aug. 25, 1994)("Only when the execution of a county's policies or customs deprives an individual of constitutional or federal rights

---

[7] *See also, Barrow v. Greenville Indep. School Dist.*, 480 F.3d 377, 380-81 (5th Cir. Feb. 26, 2007)("Under Texas law, school boards make policy and superintendents administer."); *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir. 1998); *Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752 (5th Cir. 1993).

does liability under §1983 result.").[8]

### B. COUNT TWO: 42 U.S.C. §1985

In Count Two of Plaintiff's Complaint, Plaintiff makes the bare claim that "Defendants conspired to deny the Plaintiff equal protection of the laws." *See*, Plaintiff's First Amended Complaint (Doc. #17-2) at 5. Plaintiff's Response to Defendant's present motion partially clarifies, in a conclusory fashion, that "Defendants conspired to treat the Plaintiff differently from other employees in retaliation for her protected speech." *See*, Pl.'s Resp. at 6. However, Plaintiff fails to provide any further detail regarding how Defendants treated Plaintiff differently from other employees.

The Fifth Circuit has explained that plaintiffs are required to assert specific facts rather than relying on conclusory allegations in order to assert a claim. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985). Therefore, "Although we must accept as true the well-pleaded allegations of a complaint . . . we do not accept as true conclusory allegations in the complaint." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*, 677 F.2d 1045, 1050 (5th Cir. 1982). In the present case, Plaintiff's allegation of conspiracy is conclusory and cannot, absent supporting material facts, survive a motion to dismiss.

---

[8] Also, to support a claim based upon the existence of an official custom or policy, the Plaintiff must plead facts which show that: (1) a policy or custom existed; (2) the governmental policy makers actually or constructively knew of its existence; (3) ***a constitutional violation occurred***; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996)(emphasis added). Similarly, to establish liability under §1983 for the board of trustee's failure to train or supervise, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a ***causal link exists between the failure to train or supervise and the violation of the plaintiff's rights***; and (3) the failure to train or supervise amounts to a deliberate indifference." *Castro v. McCord*, 259 Fed. Appx. 664, 667, n.5 (5th Cir. 2007)(quoting, *Estate of Davis ex. rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)).

To properly state a claim under 42 U.S.C. §1985(3)[9], a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an overt act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States; and (5) the conspiracy was motivated by a class-based animus. *Hillard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir.1994); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir. 1994). Plaintiff's claim must be dismissed because she has failed to allege at least two of the aforementioned essential elements.

First, Defendant maintains that Plaintiff has failed to allege facts that show any of the Defendants agreed to violate Plaintiff's constitutional rights. *See*, Def. Mot. at 10. As noted above, Plaintiff has alleged that "Defendants conspired", but Plaintiff's allegations end there. Plaintiff has not defined the nature of the alleged conspiracy nor demonstrated how the individual Defendants participated therein. The Fifth Circuit has dictated that "plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Plaintiff has offered no facts that would tend to establish, if proven, that a conspiracy existed. The Court therefore agrees with Defendants' contention that Plaintiff's allegations are too conclusory

---

[9] Plaintiff's Complaint does not explicitly state whether Plaintiff has asserted a claim under part (3) of §1985. However, parts (1) and (2) are clearly inapplicable in the present case. Part (1) pertains to a conspiracy to prevent a person from "accepting or holding any office, trust or place of confidence under the United States . . ." *See*, 42 U.S.C. §1985(1). Likewise, Part (2) pertains to a conspiracy "to deter any party or witness in any court of the United States from attending such court, or from testifying . . . or to injure such party or witness . . . or defeating, in any manner, the due course of justice in any State or Territory . . ." *Id.* at §1985(2). On the other hand, section 1985(3) provides a cause of action against those who conspire to deprive "any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws."*Id.* at §1985(3).

to support a cause of action for conspiracy under section 1985(3). Furthermore, the Fifth Circuit has held that a school district cannot conspire with its employees. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994) ("We . . . hold that a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for the purposes of 42 U.S.C. §1985(3).").[10] Therefore, Plaintiff's §1985(3) claim merits dismissal for these reasons alone.

Additionally, and perhaps most importantly, even if Plaintiff had properly alleged the existence of a conspiracy under §1985(3), Plaintiff has nevertheless failed to allege that any conspiracy was a §1985 violation because there are no facts to suggest that the conspiracy was motivated by an impermissible class-based animus as required. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)(". . . there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.").[11]

As such, Plaintiff's claim merits dismissal because Plaintiff has failed to plead all of the elements required under the United States Supreme Court's application of §1985(3). Furthermore, §1985(3) conspiracy claims are subject to the qualified immunity defense. *Sullivan v. County of Hunt, Tex.*, 106 Fed. Appx. 215, 220 (5th Cir. 2004). However, Plaintiff has failed to allege a

---

[10]*See also, Ibarra v. Houston Indep. School Dist.*, 84 F.Supp.2d 825, 837-38 (S.D.Tex. 1999); *Moody v. Jefferson Parish School Board*, 803 F.Supp. 1158, 1166 (E.D.La. 1992)(School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, this, are a single entity), *aff'd*, 2 F.3d (5th Cir. 1993); *Hawkins v. Dallas Indep. School Dist.*, 698 F.Supp. 1323, 1330 (N.D. Tex. 1988)("Plaintiff's conspiracy claim [under section 1985] cannot stand because a school and its officials constitute a single entity which cannot conspire with itself."); *Hankins v. Dallas Indep. School Dist.*, 698 F.Supp. 1323, 1330 (N.D. Tex. 1988)(high school and its officials constitute a single entity); *Zentgraf v. Texas A&M Univ.*, 492 F.Supp. 265, 272-73 (S.D. Tex. 1980).

[11] accord, *United Broth. of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 834 (1983); *Horaist v. Doctor's Hosp. of Opelpousas*, 255 F.3d 261, 270 and n. 12 (5th Cir. 2001).

cognizable constitutional violation as required in order to overcome Defendants' claims of qualified immunity.

### C.   COUNT THREE: SLANDER

Finally, in Count Three, Plaintiff claims that "Defendants Berryhill and Homeyer slandered the Plaintiff by making false and malicious statements of fact about her job performance." In response, Defendants Berryhill and Homeyer assert that Plaintiff's slander claim should be dismissed because they are entitled to professional immunity as provided in Texas Education Code §22.0511 and official immunity as provided by Texas common law. *See*, Def. Mot. At 6-8; Defendants' Answer (Doc. #8) at 5.

Specifically, Defendants maintain, in a conclusory fashion, that Defendants' "alleged acts were (1) exercising discretionary functions, and (2) acting within the course and scope of their duties of employment. Thus, they are entitled to common law official immunity." *See*, Def. Mot. at 7. However, it is well-established that "Official immunity is an affirmative defense in Texas, and the burden is on defendants to establish all of the elements of the defense. A court should dismiss a case under Rule 12(b)(6) based on an affirmative defense only if an affirmative defense appears on the face of the complaint . . . The affirmative defense of official immunity is more appropriately raised in a motion for summary judgment or at trial." *Bisong v. Univ. of Houston*, 2006 WL 2414410, at *5-6 (S.D. Tex. 2006); accord, *Meecorp. Capital Markets, LLC v. Tex-Wave Industries, LP*, 2006 WL 2883054, at *5 (S.D. Tex. Oct. 5, 2006)(". . . official immunity is an affirmative defense, and therefore dismissal under Rule 12(b)(6) is only appropriate if pleadings reveal on their face that the defendants acted in good faith.").[12]

---

[12] *See also, Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n. 3 (5th Cir. 1997)("Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint . . . may properly

In the present case, the affirmative defense of common law official immunity does not appear on the face of Plaintiff's Complaint. To the contrary, Plaintiff has made allegations that, if proven, would negate two required elements of Defendants' affirmative defense, *i.e.* that Defendants' actions were not within the scope of Defendants' authority as employees and the actions were not taken in good faith. *See*, Pl.'s Resp. at 5. Accordingly, the Court cannot dismiss Plaintiff's slander claim based on Plaintiff's official immunity defense.[13]

Likewise, the immunity afforded by Texas Education Code §22.0511[14] is an affirmative

---

be asserted in a Rule 12(b)(6) motion."); *Booker v. Benoit*, 1993 WL 456304, at *2 (5th Cir. Oct. 28, 1993)("An affirmative defense or other bar must appear on the face of the complaint for it to be the basis of a Rule 12(b)(6) dismissal."); *Sanchez v. Smith*, 1993 WL 455523, at *2 (5th Cir. Oct. 18, 1993)("The Rule 12(b)(6) analysis can include affirmative defenses if they are obvious from the reading of the complaint.") *Kinnison v. City of San Antonio*, 2009 WL 578525, at *4 (W.D. Tex March 5, 2009)("Official immunity is an affirmative defense, and plaintiffs are not ordinarily required to negate affirmative defenses in their pleadings or be subject to dismissal under Rule 12(b)(6).").

[13]  Additionally, the Texas Supreme Court has explained that "Official immunity is an affirmative defense. A governmental employee has official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) *provided the employee acts in good faith . . . Because official immunity is an affirmative defense . . . the governmental employee must conclusively prove each element of the defense.*" *Univ. Of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000) (emphasis added); *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). As indicated by the previous quoted passage from Defendants' Motion to Dismiss, Defendants have not even *alleged*, much less proven, that their acts were taken in good faith. Therefore, Defendant's defense of common law official immunity does not require dismissal of Plaintiff's slander claim at this time for the additional reason that Defendants have completely failed to carry their burden on the "good faith" element of the defense. *See*, *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 398 (5th Cir. 2005)("A showing that their acts were taken in good faith must be made by defendants in support of an affirmative defense based on the statute. If they are able to make such an uncontroverted showing after Plaintiff has had a chance to conduct discovery, summary judgment will be appropriate. At this early stage, however, termination of Plaintiff's suit is premature.").

[14]Texas Education Code §22.0511 exempts a "professional employee" of a school district from personal liability "for any act that is incident to or within the scope of the duties of the employee's position and that involves the exercise of judgment or discretion on the part of the employee . . ." *See*, Tex. Educ. Code §22.0511(a).

defense which contains the following four elements that must be conclusively established by the person asserting it: (1) he or she is a professional employee of the school district; (2) he or she was acting incident to or within the scope of his or her duties; (3) his or her actions involved the exercise of judgment or discretion; and (4) his or her actions did not fall within the stated exceptions (which neither party asserts). *Kobza v. Kutac*, 109 S.W.3d 89, 93 (Tex. App.–Austin 2003, pet. denied); *Lane v. Young*, 2007 WL 63660, at *1 (Tex. App.–Beaumont Jan. 11, 2007, no pet.)("affirmative defense of statutory immunity [is] set out in section 22.0511 of the education Code."); *See also*, *Gonzalez v. Ison-Newsome*, 68 S.W.3d 2, 4 (Tex. App.–Dallas 1999. pet. dism'd w.o.j.) ("The immunity claimed by appellants is an affirmative defense."). As explained above, "The rule in this Circuit provides that affirmative defenses may be raised by motion to dismiss provided that the complaint shows affirmatively that a claim is barred by the affirmative defense." *Parra v. Mountain States Life Ins. Co. Of Am.*, 1995 WL 241730, at *2 (5th Cir. Apr. 3, 1995).

In the present case, the required elements for the affirmative defense of statutory immunity under §22.0511 do not appear on the face of Plaintiff's Complaint. To the contrary, Plaintiff has made allegations that, if proven, would negate a required element of Defendants' affirmative defense, *i.e.* that Defendants' were not acting within the scope of Defendants' authority as employees when they made slanderous statements about Plaintiff. *See*, Plaintiff's Resp. at 5. Accordingly, the Court cannot dismiss Plaintiff's slander claim on the grounds of Plaintiff's statutory immunity defense.[15]

---

[15] Defendants Homeyer and Berryhill do not deny that they circulated false rumors but only reply, in a conclusory fashion, that "The problem with this spin on [Plaintiff's slander] claim is that the actions of which she complains in her petition were comments made clearly within the ambit of defendants' jobs, and alleging they were circulated elsewhere . . . does not make the comments unrelated to defendants' employment." *See*, Def. Reply at 4, n. 2. However, Defendants do not explain why the comments "were clearly within the ambit defendants' jobs" nor does Plaintiff explain why circulating rumors elsewhere is nevertheless incident to or within

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #7) is hereby **GRANTED IN PART AND DENIED IN PART.**

IT IS FURTHER ORDERED that Plaintiff's claims asserted under 42 U.S.C. §1983 are hereby **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Plaintiff's claims asserted under 42 U.S.C. §1985(3) are hereby **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Plaintiff's claim for slander is not dismissed.

IT IS FINALLY ORDERED that Plaintiff's claim under 18 U.S.C. §1962 is not dismissed.

SIGNED this 10th day of April, 2009.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

---

the scope of Defendants' position of employment. Therefore, Defendants have failed to establish that they were acting within the scope of the duties of their positions with the Caldwell ISD when they performed the acts forming the basis of Plaintiff's lawsuit. For this additional reason, Plaintiff's slander claim may not be dismissed on the basis of Defendants' statutory immunity defense.