IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 JUL 17 PM 3:18
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
             DEPUTY

| | | |
|---|---|---|
| JANICE HOLCOMB, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. A-08-CA-681-JRN |
| | § | |
| RANDALL BERRYHILL, RHONDA | § | |
| HOMEYER, ALBERT SUROVIK, JR., | § | |
| STEVEN NOACK, JULIE EUBANKS, | § | |
| JUNICE BALDWIN, GINGER BRALY, | § | |
| MARCY JONES, MARC GROCE, and | § | |
| CALDWELL INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Defendants. | § | |

## ORDER

Before the Court in the above-entitled and styled cause of action are Plaintiff's Motion to Reconsider Partial Dismissal and Motion to Amend Complaint (Doc. #23), filed April 22, 2009; Defendants' Response in Opposition to Plaintiff's Motion to Reconsider and to Amend Complaint (Doc. #24), filed May 4, 2009; and Plaintiff's Reply to Defendant's Response (Doc. #25), filed May 5, 2009. For the reasons stated herein, Plaintiff's Motion is granted.

### I.   PROCEDURAL BACKGROUND

The Court outlined the factual background in its prior Order (Doc. #21), and therefore a reiteration of those facts is unnecessary in the present order. However, a procedural overview is a necessary preface to this Order.

In September 2008, Plaintiff Janice Holcomb (hereinafter "Plaintiff") filed the present lawsuit against Caldwell ISD, Randall Berryhill, Rhonda Homeyer, five current members of the Caldwell ISD Board of Trustees and two former members of the Caldwell ISD Board of Trustees.

Plaintiff has clarified that she seeks to sue each Defendant, other than Caldwell ISD, in their individual capacities. In her Original Complaint, Plaintiff asserted claims pursuant to: (1) 42 U.S.C. §1983 for violations of her rights under the First Amendment to the United States Constitution; (2) 42 U.S.C. §1985 for violations of her rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and (3) Texas common law for slander.

On January 20, 2009, Defendants filed a Motion to Dismiss Plaintiff's section 1983 claim, section 1985 claim and common law slander claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See*, Clerk's Docket #7. On April 13, 2009, the Court granted Defendant's motion to dismiss Plaintiff's claims under 42 U.S.C. §1983 and §1985. *See*, Clerk's Docket #21. The Court did not dismiss Plaintiff's state law slander claim. *Id.* The Court retained supplemental jurisdiction over Plaintiff's state law claim because on April 7, 2009, prior to the dismissal of the aforementioned federal causes of action, the Court granted Plaintiff's motion to amend her complaint to add a new claim under 18 U.S.C. §1962 (RICO). *See*, Clerk's Docket #20.

On April 22, 2009, Plaintiff filed the present motion to amend her Complaint in order to assert additional factual allegations with respect to her now-dismissed section 1983 claim. As such, Plaintiff requests that the Court reconsider the dismissal of her section 1983 claim in light of these new factual allegations.

## II.   STANDARD OF REVIEW

Plaintiff moves the Court to permit her to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a) so that she may plead an additional theory of recovery under 42 U.S.C. §1983, and Plaintiff further moves the Court, pursuant to Federal Rule of Civil Procedure 59(e), to

reconsider the April 13, 2009 Order dismissing Plaintiff's claims under 42 U.S.C. §1983.[1] *See*, Pl. Mot. (Doc. #23) at 1. Motions submitted under Rule 59(e) have the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).Plaintiff's current motion fails to satisfy the requirements of that stringent standard. However, "The more liberal Rule 15 standards, which favor granting leave to amend, rather than the standards applicable to Rule 59(e), which favor the denial of motions to alter or amend a judgment, apply when a party seeks to amend a judgment based on the pleadings." *Jumonville v. Dept. of Treasury*, 50 F.3d 1033 (5th Cir. March 16, 1995)(per curiam).

---

[1] "[T]he Federal of Rules of Civil Procedure do not recognize a 'Motion for Reconsideration *in haec verba*'." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993); *Charles L.M. v. Northeast Indep. School Dist.*, 884 F.2d 869, 869 (5th Cir. 1989); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The Fifth Circuit has held, however, that such a motion which challenges the prior judgment on its merits will be treated as either a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

[2] With regard to the application of Rule 59(e), the Fifth Circuit has warned that:

> The reconsideration of a judgment is an 'extraordinary remedy' that we use sparingly.'(citation omitted). A Rule 59(e) motion is not a 'vehicle for rehashing evidence, legal theories, or arguments that could ave been offered or raised before the entry of judgment' but instead has a 'narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence' (citation omitted).

*Baldwin v. Layton*, 399 Fed. Appx. 321, 323-324 (5th Cir. 2008)."Rule 59(e), therefore, provides the district courts with the power to consider equitable factors and provide relief for any reason justifying relief from the operation of the judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004). "The Court must 'strike the proper balance' between the need for finality and 'the need to render just decisions on the basis of all the facts.'" *Karr v. Brice Bldg. Co., Inc.*, 2009 WL 1458043, at *2 (E.D. La. May 22, 2009).

The Fifth Circuit Court of Appeals has explained that "A motion to dismiss is not a responsive pleading. A literal interpretation of Rule 15(a), therefore, would allow a plaintiff to amend as a matter of course even after a motion to dismiss had been granted." *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 835-836 (5th Cir. 1992). For this reason, the Fifth Circuit has instructed that, "when a district court dismisses the complaint, but does not terminate the action altogether, the plaintiff may amend under Rule 15(a) with permission of the district court . . ." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).[3] It is the Fifth Circuit's view that "Such a Rule . . . is fair to both plaintiffs and defendants: 'If a defendant fears that a plaintiff will unduly prolong litigation by filing amended complaints far into the future, the defendant can move that the district court enter final judgment.'" *Whitaker*, 963 F.2d at 835-836. Accordingly, the Rule 15(a) standard of review must be applied to Plaintiff's present motion.

Under the Rule 15(a) analysis, "the court should freely give leave [to amend] when justice so requires." *See*, Fed. R. Civ. P. 15(a)(2). Whether leave to amend should be granted is entrusted to the sound discretion of the district court. *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). However, the Fifth Circuit has explained that the term 'discretion' in this context may be misleading because discretion is not broad enough to permit denial if the court lacks a substantial reason to do so. *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-02 (5th Cir. 1995); *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). As a result, "district courts must entertain a presumption in favor of granting parties leave to amend."

---

[3] On the other hand, "When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or Rule 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

*Mayeaux*, 376 F.3d at 425. Therefore, absent an apparent or declared reason, "the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"As outlined by the Supreme Court, [the Fifth] Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. Absent any of these factors, the leave sought should be 'freely given.'" *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(citing *Rosenzweig*, 332 F.3d at 864). In the present case, Defendants claim that Plaintiff's new allegations still fail to state a cognizable constitutional violation, and futility in the context of a motion to amend means that leave should not be given if the amended complaint would fail to state a claim upon which relief could be granted. *Sanijet Corp. v. Lexor Intern., Inc.*, 2008 WL 2201451, *1 (N.D. Tex. May 15, 2008). Therefore, Defendants seemingly cite futility as grounds for the denial of Plaintiff's Motion for Leave to Amend.[4] When an opposing party argues futility, the court reviews proposed amendments in the light most favorable to the proponent, accepting all well-pleaded facts as true with every doubt to be resolved in favor of the proponent. *Id.*

---

[4] Defendants also state, in a conclusory fashion, that "Because several of these [Rule 15(a)] factors exist here, Plaintiff's motion to file her Second Amended Complaint should be denied." *See*, Def. Resp. at 5. However, Defendants fail to expound upon how the Rule 15(a) factors specifically apply to Plaintiff's request for leave to amend her section 1983 claim. Defendants do specifically assert an argument in support of denial of leave for "undue delay," but the argument applies to Plaintiff's RICO claim, and therefore, the Court will address that argument separately from its discussion of Plaintiff's request to amend her section 1983 claim. *See, infra* subpart II.B.

### III.  DISCUSSION

### A.  42 U.S.C. §1983

As the Court explained in its prior Order, to establish a section1983 claim for First Amendment retaliation, Plaintiff must show: (1) she suffered an adverse employment action; (2) the speech at issue involved a matter of public concern; (3) her interest in the speech outweighs the government's interest in efficiency; and (4) the speech precipitated the adverse employment action. *Blackwell*, 275 Fed. Appx. at 368-69; *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004)(citing, *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004)). Prior to the present proposed amendment, the adverse employment actions alleged in Plaintiff's Original Complaint were: (1) Defendant Berryhill and Defendant Homeyer's refusal to process a professional certification necessary for a pay increase; and (2) Defendant Berryhill's and Defendant Homeyer's publication of false accusations of insubordination. *See,* Pl. Resp. to Def. Mot. to Dismiss (Doc. #11) at 3. The Court dismissed Plaintiff's section 1983 cause of action because neither of these allegations constitute a cognizable violation of the First Amendment. However, Plaintiff states in her current Motion for Reconsideration that:

> . . . she would 'amend her complaint to reflect the fact that this false accusation [of insubordination] was made in the form of a reprimand, and that the school board implicitly approved the reprimand.' In the proposed Second Amended Complaint ("SAC"), attached as Exhibit A, the Plaintiff sets forth the baseless verbal reprimands she received from Defendant Homeyer, at least one of which was documented in writing, and the baseless written reprimand that she received from Defendant Berryhill . . . The undersigned should have remembered to identify the reprimands in greater detail in the FAC, but he respectfully submits that the Defendants will not be prejudiced by amending the complaint or reference documents in their files and facts already known to them.

*See*, Pl. Mot. at 2. Accordingly, Plaintiff's Second Amended Complaint now makes four new

allegations to support her section 1983 cause of action.

First, Plaintiff now alleges in her proposed Second Amended Complaint that on November 9, 2007, Defendant Homeyer "chastised the Plaintiff because [Plaintiff] allegedly did not interact enough with Defendant Homeyer." *See*, Pl. Reply (Doc. #25) at Ex. A, p. 3. However, as Defendant correctly argues, the Fifth Circuit has held that, "mere criticisms do not give rise to a constitutional deprivation for purposes of the First Amendment." *See*, Def. Resp. (Doc. #24) at 6 (quoting *Harrington v. Harris*, 118 F.3d 359, 366 (5th Cir. 1997)); *See also*, *Guerra v. North East Indep. Sch. Dist.*, 2005 WL 2137896, at *5 (W.D. Tex. Aug. 18, 2005)("'mere criticisms' alleged to be reprimands and internal reprimands do not constitute adverse employment actions."). Therefore, standing alone, this factual allegation is insufficient to state a cognizable claim under section 1983, and consequently, any amendment would be futile.

Second, Plaintiff alleges in her proposed Second Amended Complaint that on November 20, 2007, Defendant Homeyer "issued three written 'directives' . . . including a petty demand that the Plaintiff 'speak to [Defendant Homeyer] each morning on the way to your desk on the mornings that she arrives prior to you.'" *See*, Pl. Reply at Ex. A, p. 3. However, a written directive is not an adverse employment decision. *See*, *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 331 (5th Cir. 2004). Again, standing alone, this factual allegation is insufficient to state a cognizable claim under section 1983, and any amendment to add this allegation would be futile.

Third, Plaintiff alleges in her proposed Second Amended Complaint that on November 20, 2007, Defendants Berryhill and Homeyer "met with the Plaintiff and verbally reprimanded [Plaintiff] based on a series of false accusations." *See*, Pl. Reply at Ex. A, p. 3. The Fifth Circuit Court of Appeals has held that, ". . . absent evidence that they are 'anything more than mere criticisms,'

**verbal reprimands do not**" constitute adverse employment actions. *Mylett v. City of Corpus Christi*, 97 Fed. Appx. 473, 476 (5th Cir. 2004)(emphasis added). Additionally, the Court explained to Plaintiff in its prior Order that the Fifth Circuit has explicitly rejected Plaintiff's claim that Defendants' "false accusations" constitute an adverse employment action. *Benningfield v. City of Houston*, 157 F.3d 369, 376 (5th Cir. 1998); *Matherne v. Larpenter*, 54 F.Supp.2d 684, 688 (E.D. La. 1999)("Mere false accusations in retaliation for protected free speech do not give rise to a constitutional deprivation for purposes of the First Amendment."). Plaintiff has not made any allegation that these verbal reprimands constituted anything more than mere criticisms. Therefore, as with Plaintiff's two prior factual allegations, this factual allegation, standing alone, is insufficient to state a cognizable claim under section 1983.

Finally, Plaintiff now alleges in her proposed Second Amended Complaint that on November 26, 2007, Defendant Berryhill "issued a written reprimand based on the November 20 meeting, that was filled with false accusations, including false accusations of insubordination . . . [and] included warnings that '[i]nsubordination will not be tolerated' and '[a]ny further acts will result in additional disciplinary actions and/or termination.' These reprimands remain a part of the Plaintiff's employee file with Caldwell ISD."*See*, Pl. Reply at Ex. A, p. 3. As Defendants concede, the Fifth Circuit has held that, "Formal reprimands, however, do qualify as adverse employment actions and, when given in retaliation for First Amendment activity, are actionable." *Colson v. Grohman*, 174 F.3d 498, 511 (5th Cir. 1999); *accord, Benningfield*, 157 F.3d at 377 ("Formal reprimands constitute adverse employment actions."). The Fifth Circuit has also explained that, "[A] formal reprimand, by its very nature, goes several steps beyond a criticism or accusation and even beyond a mere investigation; it is punitive in a way that mere criticisms, accusations and investigations are not." *Colson*, 174 F.3d

at 512, n.7.

In the present case, Plaintiff does not actually allege that this written reprimand constitutes a formal reprimand. However, viewing all of the alleged facts in the light most favorable to Plaintiff, the written reprimand may constitute a formal reprimand. *See, Doe v. Eason*, 1999 WL 765645, at *5 (N.D. Tex. Sept. 23, 1999)(finding that Plaintiff's allegation that "she did in fact receive a reprimand" was sufficient to allege an adverse employment action and avoid dismissal under 12(b)(6)). As the United States Supreme Court explained, if the underlying facts or circumstances relied upon by a party may be a proper subject of relief then the party ought to be afforded an opportunity to test the claim on the merits. *Foman*, 371 U.S. at 182. Furthermore, no scheduling order has been entered in this case.[5] Therefore, Plaintiff's motion to amend is timely, and since the dispositive motion deadline has not yet been set, the merits of Plaintiff's claim may still be properly addressed by summary judgment motion. Accordingly, Plaintiff shall be granted leave to amend her Complaint to add this allegation. However, Plaintiff is ordered to amend her complaint to specifically clarify whether the alleged reprimand constituted a *formal* reprimand given in retaliation for First Amendment activity because if not, then Plaintiff's section 1983 claim warrants dismissal.

---

[5] According to Local Rule CV-16, "Within sixty (60) days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the Court in the form as indicated in Appendix B." *See,* Local Rule CV-16(c). Accordingly, in the present case, the Parties' proposed scheduling order was due on or before March 21, 2009. However, as of the date of this Order's issuance, the Parties have yet to submit a proposed scheduling order.

B. 18 U.S.C. §1962 (RICO)

Defendants' response also brings to light Plaintiff's repeated failure to cure deficiencies by amendments previously allowed and Plaintiff's undue delay with respect to her RICO claim. Specifically, on March 23, 2009, Plaintiff filed her Opposed Motion to Amend Complaint (Doc. #17) to add a new claim under the Federal Racketeering Influenced and Corrupt Organizations Act (RICO), codified at 18 U.S.C. §1962 . On April 7, 2009, the Court granted Plaintiff motion to amend, but the Court specifically ordered Plaintiff to amend her complaint again, within seven (7) days of the Court's order, to correct typographical errors and to add more detailed factual allegations pertaining to her RICO claim. *See*, Clerk's Docket #20 at pp. 4-5.

However, as Defendant now highlights for the Court, Plaintiff did not amend her complaint on or before April 14, 2009, as required. In particular, Defendant is correct that, "In contravention of the Court's order and without leave or explanation, Plaintiff filed her [present] Motion to Reconsider Partial Dismissal and Motion to Amend Complaint on April 22, 2009 without changing a word of either her RICO claim or request for treble damages ." *See*, Def. Resp. at 5. In reply, Plaintiff acknowledges that:

> The Defendants correctly point out that the Plaintiff did not timely amend her racketeering claims. This was an oversight, and the undersigned apologizes to opposing counsel and the Court. The Plaintiff does not object to dismissal of the racketeering claims.

*See*, Pl. Reply at p. 1. Accordingly, in light of Plaintiff's unexcused violation of this Court's Order, Plaintiff's undue delay and Plaintiff's acquiescence to dismissal, Plaintiff's claims under 18 U.S.C. §1962 (RICO) are hereby dismissed. Plaintiff is, therefore, ordered to amend her Complaint to eliminate her RICO cause of action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Partial Dismissal and Motion to Amend Complaint (Doc. #23) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims asserted under 18 U.S.C. §1962 (RICO) are hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff, within seven (7) days of this Order, shall file and serve an Amended Complaint that includes the required changes outlined in this Order.

**IT IS FINALLY ORDERED** that the parties shall, within seven (7) days of this Order's issuance, file a proposed scheduling order as required under Local Rule CV-16(c).[6]

SIGNED this 17th day of July, 2009.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

---

[6] *See, supra* note 5.