1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANICE HOLCOMB,<br><br>     Plaintiff,<br><br>vs.<br><br>RANDALL BERRYHILL, RHONDA HOMEYER, ALBERT SUROVIK, JR., STEVEN NOACK, JULIE EUBANKS, GINGER BRALY, MARCY JONES, MARC GROCE, and CALDWELL INDEPENDENT SCHOOL DISTRICT,<br><br>     Defendants | Case No. A-08-CA-681-JRN |

**THIRD AMENDED COMPLAINT[1]**

NOW COMES Plaintiff Janice Holcomb and alleges and states the following on information and belief:

**Jurisdiction and Venue**

1.     This action is filed pursuant to 42 U.S.C. § 1983 and the First Amendment to the Constitution of the United States.

2.     Jurisdiction and venue are properly in the Austin Division of the U.S. District Court for the Western District of Texas, because all the defendants reside or are located in Burleson County, and the events giving rise to this lawsuit took place in Burleson County.

**Parties**

3.     Plaintiff Janice Holcomb is a resident of Travis County and formerly worked as

---

[1] In its Order dated July 17, 2009, the Court directed the Plaintiff to file an amended complaint "within seven (7) days of this Order" and it directed the parties to file a proposed scheduling order "within seven (7) days of this Order's issuance." The Order was not electronically distributed by the clerk until July 21, 2009, and the undersigned mistakenly calculated seven days from that date.

the payroll clerk for the Defendant Caldwell Independent School District ("Caldwell ISD").

4.      Defendant Randall Berryhill is the Superintendent of Caldwell ISD.

5.      Defendant Rhonda Homeyer is the Director of Business Services for Caldwell ISD, in which position she was Plaintiff's direct supervisor.

6.      Defendants Albert Surovik, Jr., Steven Noack, Julie Eubanks, and Ginger Braly are members of the Board of Trustees of Caldwell ISD.  Defendants Marcy Jones and Marc Groce were members of the Board of Trustees when the incidents that formed the basis of this lawsuit took place.

7.      Caldwell ISD is a local school district in Burleson County organized under the laws of the State of Texas.

**Factual Allegations**

8.      Shortly after Caldwell ISD's former business manager retired in 2004, Defendant Berryhill directed the Plaintiff to report his $3,600 travel allowance to the Texas Teacher Retirement System ("TRS") as part of his salary.  By adding the travel allowance, Mr. Berryhill inflated his salary for purposes of calculating his retirement benefits.

9.      The Plaintiff informed the new business manager, Defendant Rhonda Homeyer, that she did not believe TRS rules permitted travel allowances to be counted towards salary for retirement purposes.  Defendant Homeyer told the Plaintiff she would look into the matter and respond to Plaintiff.

10.      The Plaintiff did not receive a response from Defendant Homeyer, so she restated her concern that Defendant Berryhill was unlawfully reporting his travel allowance as part of his salary.  Defendant Homeyer again stated that she would look into the matter and respond to the Plaintiff, but Ms. Homeyer did not respond to the Plaintiff.

11.     On the third and final occasion, the Plaintiff returned from a training session with materials clearly stating that travel allowances should not be counted towards salary.  The Plaintiff presented this information to Ms. Homeyer, but no action was taken.

12.     In January of 2007, during an annual audit, the Plaintiff was randomly selected to be interviewed by an auditor.  During the interview, Ms. Holcomb informed the auditor that he should investigate the way in which Defendant Berryhill's salary was reported to TRS.  A short time later, auditors informed the school trustees that the school district was improperly reporting Defendant Berryhill's travel allowance to TRS as part of his income.

13.     Following the auditor's report, Defendant Berryhill made no further salary reports to TRS in which his travel allowance was added to his salary.  However, neither Defendant Berryhill nor any other defendant informed TRS of the previous false reports.  Instead, Defendants Berryhill and Homeyer initiated a campaign of retaliation, maliciously seeking to find fault with the Plaintiff, falsely accusing her of insubordination, and subjecting her to baseless reprimands.

14.     One of those reprimands occurred on November 9, 2007, when Defendant Homeyer chastised the Plaintiff because she allegedly did not interact enough with Defendant Homeyer.  Based on that verbal reprimand, Defendant Homeyer issued three written "directives" on November 20, 2007, including a petty demand that the Plaintiff "speak to [Defendant Homeyer] each morning on the way to your desk on the mornings that she arrives prior to you." On that same day, Defendants Berryhill and Homeyer met with the Plaintiff and verbally reprimanded her based on a series of false accusations.  On November 26, 2007, Defendant Berryhill issued a formal, written reprimand, based on the November 20 meeting, that was filled with false accusations, including false accusations of insubordination.  The reprimand included

warnings that "[i]nsubordination will not be tolerated" and "[a]ny further acts will result in additional disciplinary actions and/or termination." These reprimands remain a part of the Plaintiff's employee file with Caldwell ISD. Defendants Homeyer and Berryhill issued these reprimands, including the formal, written reprimand, in retaliation for the Plaintiff's First Amendment activities.

15.     On or about December 5, 2007, the Plaintiff filed a grievance against Defendants Berryhill and Rhonda Homeyer. Defendant Berryhill referred the grievance to Defendant Rhonda Homeyer for "investigation" and, not surprisingly, Ms. Homeyer exonertated herself and Mr. Berryhill.

16.     In a December 13, 2007 letter to Defendant Surovik and the other school trustees, Ms. Holcomb's counsel asked the trustees to refer the actions of Defendants Berryhill and Homeyer to the district attorney for investigation. The letter identified the retaliatory acts of Defendants Berryhill and Homeyer, including the letters and reprimands set forth in the foregoing paragraphs. Ms. Holcomb's counsel further asked the trustees to prevent Mr. Berryhill and Ms. Homeyer from further retaliating against Ms. Holcomb.

17.     The December 13, 2007 letter was provided to local newspapers at the same time it was sent to school officials, and at least one reporter began making inquiries with school officials about the Plaintiff's accusations shortly after receiving it. However, after learning that the Plaintiff had "gone public" with her accusations, the Defendant school board members failed to "reign in" Defendants Berryhill and Homeyer, and they likewise failed to correct the retaliatory reprimands.

18.     Similarly, the trustees did not refer the crimes of Defendant Berryhill to the district attorney. Instead, the trustees "circled the wagons" at their January 21, 2008 meeting,

voting to give Mr. Berryhill a five percent raise and extending his employment contract through 2011.  The Plaintiff alleges that the trustees discussed her grievance in executive session, in violation of the Texas Open Meetings Act, but only took testimony from Mr. Berryhill.

19.     On January 22, 2008, the Burleson County Tribune published an article describing the Plaintiff's allegations that Defendant Berryhill had been falsifying his salary reports to the TRS.

20.     In a February 5, 2008 letter to the trustees, Ms. Holcomb's counsel informed them that Defendants Berryhill and Homeyer continued to retaliate against Ms. Holcomb by creating a hostile work atmosphere, refusing to process a professional certification (which would have resulted in a pay increase for Ms. Holcomb), and withholding information from Ms. Holcomb that was necessary for the performance of her job.  Ms. Holcomb's counsel informed the trustees that it appeared Ms. Holcomb was being "set up" by Mr. Berryhill and Ms. Homeyer, and that she would consider herself constructively terminated on Tuesday, February 12, 2008 if the trustees did not intervene to prevent further retaliation and misconduct by Mr. Berryhill and Ms. Homeyer.

21.     The trustees did not intervene, and Ms. Holcomb reluctantly accepted employment elsewhere.  As a result of the misconduct by Mr. Berryhill and Ms. Homeyer, and the inaction of the trustees, Ms. Holcomb had to move to Austin and leave behind the town that had been her home for 27 years.

22.     Following Ms. Holcomb's departure, Mr. Berryhill and Ms. Homeyer circulated false rumors that Ms. Holcomb's work performance had been unsatisfactory.

**Claims**

*Count One: 42 U.S.C. § 1983*

23.     All previous paragraphs are incorporated by reference as though fully set forth

herein.

24.     The Plaintiff claims damages for injuries set forth above under 42 U.S.C. § 1983

against all Defendants for violations of her statutory and constitutional rights under color of law.

Specifically, the Defendants retaliated against her for the exercise of her rights, as established by

the First Amendment to the Constitution of the United States, to petition for redress of

grievances and to speak out regarding a matter of public concern.

25.     Furthermore, Defendants Surovik, Jones, Groce, Eubanks, Braly, Noack,

Berryhill, and Caldwell ISD failed to supervise one or more persons who violated the Plaintiff's

rights, and they failed to provide proper training to prevent such violations of the Plaintiff's

rights.  In particular, the Defendant school board members failed to reverse the retaliatory acts,

including the retaliatory reprimands, directed toward the Plaintiff.

*Count Two: Slander*

26.     All previous paragraphs are incorporated by reference as though fully set forth

herein.

27.     Defendants Berryhill and Homeyer slandered the Plaintiff by making false and

malicious statements of fact about her job performance.

*Prayer for Relief*

Wherefore, Plaintiff requests that this Court:

    a.   Award compensatory damages against the Defendants, including damages for

        emotional distress;

b.  Award treble damages against the Defendants;

c.   Award punitive damages against the Defendants;

d.   Award costs of this action to the Plaintiff;

e.   Award reasonable attorney fees and costs to the Plaintiff;

f.   Award such other and further relief to which Plaintiffs may be entitled.


Respectfully submitted,

**/s/ Ty Clevenger**_____
Ty Clevenger
Texas Bar No. 24034380
YOUNGKIN & ASSOCIATES
1716 Briarcrest Drive, Suite 206
Bryan, Texas 77803
Phone: (979) 985-5289
Fax:    (979) 530-9523

ATTORNEY FOR PLAINTIFF


JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Third Amended Complaint was filed with the Court electronically on July 25, 2009. According to the records on file with the Court, notice will be served automatically on Bridget Robinson, counsel for the Defendants, via the Court's electronic notification system.

Respectfully submitted,


**/s/ Ty Clevenger**_____
Ty Clevenger