IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANICE HOLCOMB, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No.  A-08-CA-681-JRN |
| | § | |
| RANDALL BERRYHILL, et al., | § | |
| Defendants. | § | |

## DEFENDANTS' SECOND AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Caldwell Independent School District, Randall Berryhill, Rhonda Homeyer, Albert Surovik, Jr., Steven Noack, Julie Eubanks, Ginger Braly, Marcy Jones, and Marc Groce, and in response to Plaintiff's Third Amended Complaint, file this Second Amended Answer.

## I.

## SECOND AMENDED ANSWER

1.     Pursuant to FED. R. CIV. P. 8(b), Defendants deny each and every allegation in Plaintiff's Third Amended Complaint except those allegations specifically admitted below.

2.     Defendants admit the Caldwell Independent School District ("Caldwell ISD" or "CISD") is a local school district in Burleson County organized under the laws of the State of Texas.

3.     Defendants admit Randall Berryhill is the CISD Superintendent of Schools.

4.     Defendants admit Rhonda Homeyer is the CISD Business Manager.

5.     Defendants admit Albert Surovik, Jr. is a member of the CISD Board of Trustees and the current President of CISD's Board of Trustees.

6.      Defendants admit  Steven Noack is a member of the CISD Board of Trustees and the current Vice President of CISD's Board of Trustees.

7.      Defendants admit Julie Eubanks is a member of the CISD Board of Trustees and the current Secretary of CISD's Board of Trustees.

8.      Defendants admit Ginger Braly is a member of the CISD Board of Trustees.

9.      Defendants admit Marcy Jones is a former member of the CISD Board of Trustees.

10.     Defendants admit Marc Groce is a former member of the CISD Board of Trustees.

11.     Defendants admit Plaintiff was previously employed by CISD as a payroll clerk.

12.     Defendants admit that Plaintiff resigned her employment with CISD and, on information and belief, accepted other employment.  However, Defendants are without sufficient knowledge to admit or deny Plaintiff's allegations regarding her current residence.

13.     Defendants admit that this Court has federal question jurisdiction over claims filed pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18 U.S.C. § 1962, but deny the veracity of all Plaintiff's allegations in her Third Amended Complaint other than those admitted in this Answer.

14.     Defendants admit this Court has supplemental jurisdiction over a pendent state claim, but deny the veracity of all of Plaintiff's allegations  in her Third Amended Complaint other than those admitted in this Answer.  Defendants also assert that the Court has discretion to refuse to exercise its supplemental jurisdiction over a pendent state claim.

15.     Defendants admit that Superintendent Berryhill's auto allowance totaling $3,300.00 was reported as salary to the TRS during the 2004-2005 school year.  During the first half of the 2005-2006 school year, an auto allowance in the amount of $1,800.00 was reported as salary. However, the inclusion of the auto allowance was reported by Superintendent Berryhill to the Texas

Retirement System ("TRS") by letter dated February 8, 2008, and the TRS made corrections to Superintendent Berryhill's account for the 2004-2005 school year and the first half of the 2005-2006 school year. Moreover, the salaries which were reported to TRS during the 2004-2005 and 2005-2006 school years will not be included in the three highest years of salary earned by Mr. Berryhill for purposes of TRS's calculations of his retirement benefits. Additionally, the amounts for auto allowances mistakenly included in Mr. Berryhill's salary reports to TRS during the 2004-2005 school year ($3,300.00) and first half of the 2005-2006 school year ($1,800.00) were deducted from his TRS account in April of 2008.

16. Defendants specifically deny any liability in this case under any of the theories of recovery articulated by Plaintiff.

17. Defendants specifically deny that the individual defendants are liable in the capacity in which they have been sued.

18. Defendants specifically deny that Plaintiff was subjected to discrimination or retaliation on any basis or was slandered.

19. Defendants deny that Defendants Berryhill or Homeyer slandered or defamed Plaintiff in any way. Defendants deny that false and/or malicious statements regarding Plaintiff or her job performance were provided to anyone.

20. Defendants affirmatively assert that no adverse employment action was taken against Plaintiff.

21. Defendants deny there was a violation of Plaintiff's rights under the First Amendment to the United States Constitution or any other statute, constitutional theory or legal authority.

22. Defendants deny that Plaintiff has a valid state law claim.

- 3 -

23.     Defendants deny that 42 U.S.C. § 1983 creates an independent cause of action. Further, Defendants deny that Plaintiff is entitled to any of the remedies provided by 42 U.S.C. § 1983 because there was no violation of an underlying constitutional or statutory authority such as would permit Plaintiff to utilize 42 U.S.C. §1983 as a remedy.

24.     Defendants deny the existence of any custom, practice, or policy which was violated that did or could have led to the alleged actions Plaintiff complains of in this lawsuit but which Defendants deny.

25.     Defendants specifically deny that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

26.     Defendants deny that Plaintiff is entitled to a trial in this case and further deny that Plaintiff is entitled to any of the relief she requests in her Third Amended Complaint.

27.     Defendants deny that Plaintiff is entitled to compensatory damages, treble damages, punitive damages, attorney's fees, costs, or any other type or form of damages.

28.     Defendants specifically assert that they are not subject to punitive damages or treble damages.

## II.

## ENTITLEMENTS AND DEFENSES

29.     Defendant Caldwell Independent School District asserts its entitlement to both sovereign immunity and Eleventh Amendment immunity from all claims asserted against it.  The Caldwell Independent School District is a unit of government and a political subdivision in the State of Texas and as such is protected from both suit and liability by the doctrines of sovereign immunity and Eleventh Amendment immunity.

- 4 -

30.     In their official capacities, the individual defendants are entitled to sovereign and Eleventh Amendment immunity because a suit against them in their official capacities is the same as a suit against the governmental entity of which they are an agent or employee.

31.     The individual defendants in their individual capacities are entitled to qualified immunity because none of the individuals violated a clearly established constitutional or statutory right of which a reasonable person would have known.

32.     Defendants Berryhill and Homeyer are entitled to official immunity and professional immunity for the state law cause of action of slander asserted against them.  Professional immunity is statutorily codified at § 22.0511 of the Texas Education Code [formerly § 22.051 and prior to then, § 21.912(b)].

33.     Defendants assert Plaintiff's failure to exhaust administrative remedies.  Defendants also assert the statute of limitations as a bar to Plaintiff's claims in whole or part.

34.     Defendants assert lack of jurisdiction, in whole or part, over the causes of action asserted by Plaintiff, for which immunity has not been waived.

35.     Defendant affirmatively assert that there has been no waiver of Defendants' immunities in this case.  Defendants also assert that the Court lacks jurisdiction as result of Plaintiff's failure to state a cause of action for which immunity has been waived and for which administrative remedies were exhausted.

36.     Defendants claim their entitlement to the defenses of waiver, estoppel, laches, failure to file within the statute of limitations, failure to execute service in a timely manner, failure to exhaust administrative remedies, failure to mitigate damages, collateral estoppel, *res judicata,* and after-acquired evidence for all claims asserted against them.

- 5 -

37.     Defendants affirmatively assert that 42 U.S.C. § 1983 does not create an independent cause of action.  Moreover, there was no violation of Plaintiff's constitutional or statutory rights such as would permit Plaintiff to utilize 42 U.S.C. § 1983 as a remedy.

38.     Defendants affirmatively assert the lack of a custom, practice, or policy that would authorize Plaintiff to pursue the remedy afforded by 42 U.S.C. § 1983.

39.     Defendants assert that they may not be held liable under the principle of *respondeat superior* or under any theory of supervisory responsibility.

40.     Defendants assert that Plaintiff's failure to identify a custom, policy, practice, or procedure of the District that was the moving force behind the alleged violation is fatal to her case.

41.     Defendants assert that Plaintiff's failure to identify a policymaker for the District whose actions constituted the policy of the District and caused the alleged harm is fatal to this case.

42.     Defendants deny that  Plaintiff was subjected to a pattern, practice, or any treatment by Defendant in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, or any other legal provision.

43.     Defendants assert that any challenged action, practice, or policy is job-related and reasonably necessary to business operations.

44.     Defendants assert that any challenged action, practice or policy was taken for a valid, non-discriminatory and non-retaliatory reason; alternatively, any challenged action, practice or policy would have been taken regardless of any discriminatory or retaliatory motivating factor (which discriminatory or retaliatory factor is specifically denied).

45.     Defendants assert that Plaintiff's First Amendment claim is fatally flawed because (1) she cannot show that she spoke primarily in a role as a citizen on a matter of public concern (rather than as an employee on a personal work-related matter) and therefore cannot show that her

- 6 -

speech is constitutionally protected; (2) she cannot demonstrate that her interest in commenting on an alleged matter of public concern outweighed CISD's interest in promoting efficiency in the school; (3) she suffered no adverse employment action; and (4) she cannot establish that her speech was a substantial and motivating factor behind any action she may characterize as an alleged adverse employment action.

46.     Defendants assert that Plaintiff cannot meet her burden of establishing the elements of any asserted cause of action, including but not limited to slander. Even if Plaintiff could meet her burden of establishing a *prima facie* case of slander, including falsity of statement(s) (which she cannot), Defendant asserts that any and all complained-of statements were true or substantially true.

47.     Defendants assert both immunity and qualified privilege for any and all statements Plaintiff claims were defamatory.

48.     Additionally, even if Plaintiff could establish the elements necessary to state a claim (which Defendants deny), Defendants assert that: (1) they exercised reasonable care to prevent and correct promptly any discriminatory behavior or retaliatory behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

49.     Defendants assert all statutory limitations of liability and all statutory limitations of damages (caps) applicable to this case.

50.     Defendants deny the existence of any custom, practice, or policy which was violated that did or could have led to the actions Plaintiff complains of in this lawsuit but which Defendants deny.

51.     Defendants specifically deny that all conditions precedent to the filing of this lawsuit and the recovery of damages prayed for by Plaintiff have occurred or have been performed.

52.     Defendants deny that Plaintiff is entitled to a trial in this case and further deny that Plaintiff is entitled to any of the relief she requests in her Third Amended Complaint.

53.     Defendants assert their entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff.

54.     Defendants assert that their liability, if any, and Plaintiff's damages, if any, are limited due to Plaintiff's actions.

55.     Defendants assert that Plaintiff failed to mitigate damages, if any.

56.     Defendants claim their entitlement to recover attorneys' fees and costs of suit pursuant to FED. R. CIV. P. 54, 42 U.S.C. § 1988, TEX. EDUC. CODE ANN. § 11.161 (Vernon 2007), the Federal Rules of Civil Procedure, and judicial interpretation.

57.     Defendants are not subject to punitive damages or treble damages.

58.     Defendants assert the right to raise additional defenses that become apparent throughout the factual development of the case.

### III.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants urge this Court to deny Plaintiff any and all relief demanded in her Third Amended Complaint.  Defendants pray that all claims against them be dismissed; alternatively, Defendants pray they be awarded summary judgment.  Further, Defendants request an award of reasonable attorneys' fees and costs of suit.  Finally, Defendants pray that the Court grant such other and further relief, both general and specific, at law

and in equity, as the Court deems just and proper.

Respectfully submitted,

/s/*Bridget Robinson*
BRIDGET ROBINSON
State Bar No. 17086800

WALSH, ANDERSON, BROWN,
    ALDRIDGE & GALLEGOS, P.C.
P.O. Box 2156
Austin, Texas  78768
Telephone:     (512) 454-6864
Facsimile:     (512) 467-9318
Email:         brobinson@wabsa.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a true and correct copy of the foregoing pleading was served via electronic transfer on the following CM/ECF participant(s):

Ty Clevenger
Jeffrey M. Burns
Youngkins & Associates
P. O. Box 4806
Bryan, TX 77805

/s/*Bridget Robinson*
BRIDGET ROBINSON